Michael D. Adams (State Bar No. 185835)
madams@rutan.com
Benjamin C. Deming (State Bar No. 233687)
bdeming@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
IronMag Labs, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONMAG LABS, LLC., a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>PANTHER SPORTS NUTRITION, an entity of unknown form; JASON H. HIBBERT, an individual; and DOES 1-10,<br><br>Defendants; | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADE MARK INFRINGEMENT [15 U.S.C. 1114(1)(a) AND (b)];**<br>2. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. 1125(a)];**<br>3. **TRADE NAME OR SERVICE MARK DILUTION [15 U.S.C. 1125(c)];**<br>4. **INJURY TO BUSINESS REPUTATION AND DILUTION [CAL. BUS. & PROF. CODE. 14247];**<br>5. **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff IronMag Labs, LLC ("IronMag"), for its Complaint against the above-named defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. section 1338(a) as this action arises under the Lanham Act, 15 U.S.C. sections 1114, 1125(a), and 1125(c)(1), as well as under pendent jurisdiction under 28 U.S.C. section 1367.

2. This Court also has jurisdiction under 28 U.S.C. section 1332 because Plaintiff and defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in the Central District of California under 28 U.S.C. section 1391(b) because a substantial part of the events, omissions and acts that are the subject matter of this action occurred within the Central District of California.

## THE PARTIES

4. Plaintiff IronMag is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business located at 1860 Whitney Mesa Drive Suite 120, Henderson, Nevada, 89014.

5. On information and belief, defendant Panther Sports Nutrition ("Panther") is an entity of unknown form with a principal place of business at 60 Main Street, Garfield, New Jersey.

6. On information and belief, defendant Jason H. Hibbert is an individual who owns and/or operates Panther and who resides at 60 Main Street, Garfield, New Jersey.

7. On information and belief, IronMag alleges that defendants have manufactured, imported, advertised, promoted, distributed, offered for sale, and/or sold products throughout the United States, and particularly in this judicial district, that infringe on IronMag's trademarks.

8. On information and belief, IronMag alleges that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to IronMag for the damages and relief sought herein.

9. On information and belief, IronMag alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of defendants was the agent, servant, and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment, with the

knowledge, approval, consent, or ratification of each of the other defendants.

10. The identities of the individuals and entities named as defendants Does 1 through 10, inclusive, are not presently known, but IronMag will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

## NATURE OF THE CASE

11. Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against defendants for trade mark infringement under 15 U.S.C. section 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. section 1125(a); dilution under 15 U.S.C. section 1125(c); injury to business reputation and dilution under California Business and Professions Code section 14330; and common law trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. IronMag is in the business of selling bodybuilding supplement products.

13. IronMag owns federal trademark registration number 4,738,017 for SUPER DMZ in International Class 5 (referred to herein as the "SUPER DMZ Mark"). IronMag obtained registration of the SUPER DMZ Mark on May 19, 2015. A true and correct copy of IronMag's certificate of registration for the SUPER DMZ Mark is attached hereto as **Exhibit A**.

14. Since at least as early as January 1, 2010, and long prior to any use of a similar design or mark by defendants, IronMag has been continuously, prominently, and exclusively using its SUPER DMZ Mark to denote the source of its goods in the United States and has enjoyed substantial commercial success. During this period, IronMag has committed enormous amounts of time, effort, and money to developing a widely respected reputation in the bodybuilding supplement industry through which the SUPER DMZ Mark has acquired secondary meaning indicating that IronMag is the source of high-quality goods and services denoted by the SUPER

DMZ Mark. Thus, long before the acts complained of herein, members of the general consumer population recognized the SUPER DMZ Mark as an exclusive source identifier for bodybuilding supplements products originating from, sponsored, or approved by IronMag.

15. IronMag's SUPER DMZ Mark is valid and subsisting and remains in full force and effect.

16. On information and belief, Defendants have offered, and are offering for sale and selling bodybuilding supplement products bearing the mark "SUPER-DMZ MAX." Examples of such products as advertised on Panther's website are attached hereto as **Exhibit B**. Defendants' use of the mark "SUPER-DMZ MAX" in connection with these products began after IronMag's adoption and use of the SUPER DMZ Mark, and without IronMag's authorization, permission or consent.

17. On information and belief, the products offered and sold by Defendants bearing the mark "SUPER-DMZ MAX" contains Dymethazine and Methylstenbolone, both of which are active anabolic steroids and are banned under the Designer Anabolic Steroid Control Act of 2014. Panther's unauthorized use of the Mark in connection with illegal steroids thus tarnishes Plaintiff's SUPER DMZ Mark by associating SUPER DMZ with illegal anabolic steroids.

18. Defendants are not authorized to use the SUPER DMZ Mark in connection with their goods or services, nor are Defendants affiliated with IronMag.

19. Although IronMag has requested in writing that Defendants cease and desist their use of the mark "SUPER DMZ," Defendants have refused to do so.

20. On information and belief, Defendants acted with full knowledge of IronMag's prior ownership and use of IronMag's registered trademarks, and without IronMag's authorization or consent, and have engaged in an intentional infringement by using the mark "SUPER-DMZ MAX" in order to interfere with and capitalize on IronMag's prior use, ownership, reputation, and goodwill.

21. Defendants' use of the mark "SUPER-DMZ MAX" is likely to cause

confusion, mistake, and deception among the public and purchasers such that members of the public and purchasers of the infringing products are likely to be confused as to the existence of an association, connection, or relationship between IronMag and Defendants, and confused into believing defendants' products are endorsed by, sponsored by, or otherwise affiliated with IronMag.

22. On information and belief, Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill encompassed in IronMag's SUPER DMZ Mark to capitalize on IronMag's highly respected reputation as a high-quality bodybuilding supplement company.

23. IronMag is in need of injunctive relief to bring an end to the irreparable harm caused by the sale of defendants' goods that infringe on IronMag's SUPER DMZ Mark.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

24. IronMag repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

25. By the acts and omissions set forth above, Defendants have infringed and continue to infringe IronMag's rights regarding its federal trademark registration number 4,738,017, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b). Defendants' conduct and use of the mark "SUPER DMZ" is likely to cause confusion, mistake, and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship, or approval of their goods, and interferes with IronMag's ability to use its mark to indicate a single quality control source of goods and services.

26. IronMag has suffered, is suffering, and will continue to suffer irreparable injury for which IronMag has no adequate remedy at law. IronMag is therefore entitled to a permanent injunction against further infringing conduct by

Defendants.

27. Defendants have profited and are profiting by such infringement and IronMag has been and is being damaged by such infringement. IronMag is therefore entitled to recover damages from defendants in an amount to be proved at trial as a consequence of defendants' infringing activities.

28. Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive. IronMag is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Unfair Competition by False Designation of Origin – 15 U.S.C. § 1125(a))

29. IronMag repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

30. Defendants, either independently or through collaboration with one another, are using the SUPER DMZ Mark in connection with their goods and services.

31. On information and belief, defendants use the SUPER DMZ Mark in commerce, which use has been done with the deliberate intent of capitalizing and trading on the good will and reputation of IronMag.

32. The use in commerce of the SUPER DMZ Mark by defendants will tend to cause and, on information and belief, has caused the relevant public and trade to believe erroneously that defendants' goods are associated, authorized, sponsored, or controlled by Plaintiff.

33. Defendants' use in commerce of the SUPER DMZ Mark in connection with their goods and services constitutes a false designation of the origin and/or sponsorship of such goods and services and falsely describes and represents such goods and services.

34. By their acts as alleged herein, defendants have falsely designated and

represented goods sold in commerce in violation of 15 U.S.C. section 1125(a) and have otherwise used the good will of IronMag to sell defendants' own goods and have otherwise competed unfairly with IronMag.

35. On information and belief, defendants are now committing the acts complained of above with full knowledge that their acts are unlawful.

36. Defendants have displayed a willful course of conduct toward appropriation and destruction of IronMag's rights in and to the SUPER DMZ Mark.

37. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of IronMag's substantial advertising, sales, consumer recognition, and good will in connection with the SUPER DMZ Mark.

38. As a result of defendants' wrongful acts alleged herein, IronMag has suffered and will continue to suffer monetary damage in an amount not thus far determined.

39. On information and belief, defendants' acts of unfair competition by false designation of origin in violation of the Lanham Act have caused financial injury and damages to IronMag and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling IronMag to damages, attorneys' fees, and costs.

40. Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to IronMag good will and business reputation.

41. IronMag is entitled to damages as a result of defendants' actions and conduct and, because such damages alone do not provide IronMag with an adequate remedy at law, IronMag is entitled to injunctive relief.

### THIRD CLAIM FOR RELIEF
(Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1))

42. IronMag repeats and incorporates herein by reference each and every

allegation contained in the preceding paragraphs as though fully set forth herein.

43. IronMag's SUPER DMZ Mark was used in commerce long before defendants' adoption and use of SUPER DMZ Mark in connection with their goods and services.

44. IronMag's SUPER DMZ Mark has become famous because of long, extensive, continuous, and exclusive use by IronMag in connection with bodybuilding supplements, such fame occurring long before defendants' adoption and use of the SUPER DMZ Mark in connection with their goods and services.

45. Defendants use the SUPER DMZ Mark in promoting their goods and services in the same trade areas and channels of trade in which IronMag's SUPER DMZ Mark is recognized and famous.

46. On information and belief, defendants' use of the SUPER DMZ Mark has lessened the capacity of IronMag's famous SUPER DMZ Mark to identify and distinguish IronMag's goods.

47. Defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of IronMag's famous SUPER DMZ Mark due to the low quality of defendants' goods and services and due to defendant's use of banned substances in the formulation of the "SUPER-DMZ MAX" product.

48. On information and belief, defendants' acts of trade mark dilution in violation of the Lanham Act have caused financial injury and damages to IronMag and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling IronMag to damages, attorneys' fees, and costs.

49. IronMag has no adequate remedy at law and is being irreparably damaged by dilution of its famous mark, in violation of 15 U.S.C. section 1125(c). Therefore, IronMag is entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Injury to Business Reputation and Dilution – Cal. Bus. & Prof. Code § 14247)

50. IronMag repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

51. IronMag is the owner of marks that are distinctive and famous in the State of California.

52. On information and belief, defendants have used and continue to use the famous SUPER DMZ Mark after the mark became famous, which use dilutes the distinctive quality of IronMag's SUPER DMZ Mark.

53. On information and belief, defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute the SUPER DMZ Mark and with the intention to cause dilution of the mark.

54. As a result of the actions described herein, defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to IronMag, including but not limited to injury to IronMag's good will and business reputation.

55. Plaintiff has no adequate remedy at law and is being irreparably damaged by defendants' acts in violation of California Business & Professions Code section 14247.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

56. IronMag repeats and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57. Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under California common law.

58. Defendants' unauthorized actions and conduct in adopting and using the SUPER DMZ Mark in California constitutes trademark infringement under California

common law.

59. Defendants have, without authorization from IronMag, used the SUPER DMZ Mark or a mark similar to the SUPER DMZ Mark to offer for sale and sell bodybuilding supplements.

60. Defendants' actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with IronMag, and as to origin, sponsorship, or approval of Defendants' goods by IronMag.

61. On information and belief, Defendants' conduct is intentional, malicious, and wanton in that Defendants infringed and continue to infringe IronMag's federal trademarks: (i) with full knowledge that IronMag owns and has the exclusive right to use its federal trademarks; (ii) with the intention of causing a likelihood of confusion and mistake and to deceive; and (iii) with the intention of eliminating competition from IronMag.

62. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to IronMag, including but not limited to injury to IronMag's goodwill and business reputation.

63. IronMag has suffered, is suffering, and will continue to suffer irreparable injury for which IronMag has no adequate remedy at law. IronMag is therefore entitled to a permanent injunction against further infringing conduct by Defendants.

64. Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle IronMag to punitive damages under Civil Code section 3294.

## PRAYER FOR RELIEF

WHEREFORE, IronMag prays for an order and judgment against Defendants, and each of them, as follows:

1. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision,

and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the SUPER DMZ Mark or any other name or mark incorporating IronMag's trademark, either alone or in combination with other words or symbols, in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with bodybuilding supplements and other related goods at any locality in the United States.

2. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from using the SUPER DMZ Mark or any other name or mark incorporating Plaintiff's service marks in any form or manner that would tend to identify or associate defendants' businesses or goods with IronMag in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any business;

3. That defendants, and each of them, their officers, directors, partners, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from representing to anyone (either orally or in writing) that their businesses are affiliated with IronMag in any way;

4. For an order requiring defendants to deliver to IronMag's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by IronMag, all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control that contain the SUPER DMZ Mark or any other name or

mark incorporating IronMag's trademark, either alone or in combination with other words and symbols;

5. For an order requiring defendants to remove from their business premises and vehicles within thirty (30) days after the entry of any preliminary or permanent injunction, all instances of the SUPER DMZ Mark, and to destroy all stencils, molds, plates, masters, or means of creating the infringing items;

6. For an order requiring defendants to instruct, within thirty (30) days after the entry of any preliminary or permanent injunction, any print directory, Internet directory, or website that they have caused to carry the SUPER DMZ Mark, to cease using such marks at the earliest possible date;

7. For an order requiring defendants to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendants have complied with 1 through 6 above;

8. For an award of defendants' profits and Plaintiff's damages in an amount not yet ascertained but believed to exceed $500,000;

9. For an award of three times IronMag's damages or defendants' profits in view of the intentional and willful nature of defendants' acts, pursuant to 15 U.S.C. section 1117;

10. For an award of punitive damages according to proof;

11. For an award of reasonable attorneys' fees under 15 U.S.C. section 1117;

12. For an award of pre- and post-judgment interest at the highest rate allowed by law;

13. For an award of costs and disbursements incurred in this action; and

14. For such further relief as this Court shall deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: November 23, 2016 | RUTAN & TUCKER, LLP |
| 2 | | |
| 3 | | By: _/s/ Michael Adams_ |
| 4 | | Michael D. Adams<br>Attorneys for Plaintiff<br>IRONMAG LABS, LLC |

## DEMAND FOR JURY TRIAL

IronMag hereby demands a jury trial in this action.

Dated: November 23, 2016        RUTAN & TUCKER, LLP

By: /s/ Michael Adams
Michael D. Adams
Attorneys for Plaintiff
IRONMAG LABS, LLC